# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CARL R. SIMONS,

        Petitioner,     :     Case No. 3:14-cv-275

- vs -     District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. §2254 is before the Court for decision on the merits. Simons files his Petition August 18, 2014 (Doc. No. 1). Respondent filed the state court record and a Return of Writ on December 3 and 8, 2014 (Doc. Nos. 9 & 10). Despite two extensions of time to do so, the last of which expired April 15, 2015, Simons has not filed a reply.

Simons was convicted in the Champaign County Common Pleas Court of breaking and entering, theft, burglary, grand theft, having weapons while under a disability, and witness intimidation (Petition, Doc. No. 1, ¶ 5, PageID 2.) Simons pleads ten grounds for relief as follows:

> **Ground One:** The jury erred to the prejudice of the Appellant by finding him guilty of burglary, breaking and entering, theft, having weapons while under disability, and intimidation of a witness in a criminal case, as the findings were not supported by sufficient evidence and the state failed to meet it's [sic] burden of proof.
>
> **Ground Two:** The jury erred to the prejudice of the Appellant by finding him guilty of Burglary, breaking and entering, theft, having

1

weapons while under disability, and intimidation of a witness in a criminal case, as those findings were contrary to law, and were against the manifest weight of the evidence.

**Ground Three:** The trial court erred to the prejudice of the Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29, as the State failed to meet it's [sic] burden of proving that Appellant was guilty of burglary, breaking and entering, theft, having weapons while under disability, and intimidation of a witness in a criminal case.

**Ground Four:** The trial court erred to the prejudice of the Appellant in sentencing him on Counts 1 and 2, 3 and 4, and 6, 7, and 8, as they should have been merged as offenses of a similar import and failed to hold a hearing on this matter.

**Ground Five:** Appellant was denied his rights of due process and of assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution because his trial and appellant [sic] counsel provided ineffective assistance.

**Ground Six:** The trial court erred to the prejudice of the appellant by imposing a sentence that is contrary to law because it was excessive.

**Ground Seven:** The trial court erred to the prejudice of the Appellant by not granting his Motion for a Mistrial when the State's witness testified as to Appellant's prior criminal history.

**Ground Eight**: The Defendant was denied his FIFTH, SIXTH, AND FOURTEENTH Amendment Rights to due process and equal protection when he was denied the right to a fair trial as a result of being denied his compulsory process and to confront witness' at trial.

**Ground Nine:** The Defendant was denied a fair trial in violation of the due process and equal protection clauses of the U.S. Constitution when he was denied full and fair discovery of exculpatory evidence in accordance with BRADY V. MARYLAND.

**Ground Ten:** The Defendant was denied a fair trial when the prosecutor used perjured testimony. This violated the Defendant's fundamental right to a fair trial under the FIFTH, SIXTH, AND FOURTEENTH Amendments to the United States Constitution.

(Petition, Doc. No. 1). Simons does not plead separate statements of supporting facts for his grounds for relief, but instead incorporates by reference statements made at various points in the state court record.

## Analysis

**Claims that Will Not Be Considered**

Simons makes several claims in his Petition which are not subject to review in federal habeas corpus.

Simons' conviction for witness intimidation was reversed by the Second District Court of Appeals. *State v. Simons,* 193 Ohio App. 3d 784 (2nd Dist. 2011), aff'd., 132 Ohio St. 3d 411 (2012). Because Simons is no longer in custody on that conviction, this habeas corpus court lacks jurisdiction to consider any error which might have led to the initial conviction. *Maleng v. Cook*, 490 U.S. 488 (1989). Claims related to the witness intimidation count of conviction should be dismissed without prejudice for lack of subject matter jurisdiction.

In Ground Two Simons asserts his convictions are against the manifest weight of the evidence. Federal courts have jurisdiction in habeas corpus only to consider claims of violation of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). A claim that a conviction is against the manifest weight of the evidence does not state a claim under the Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Ground Two should be dismissed without prejudice for failure to state a claim

cognizable in federal habeas corpus.

On the same basis the Court should dismiss that portion of Simons' ineffective assistance of trial counsel claim (Ground Five) which is based on the Ohio Constitution.

**Procedural Default**

Respondent asserts that Grounds for Relief One, Three, Four, Five, and Six are procedurally defaulted because although they were presented on direct appeal to the Ohio Supreme Court, they were never presented to the Second District Court of Appeals on direct appeal (Answer, Doc. No. 10, PageID 1272). Having failed to file a reply, Simons has made no response.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule, to wit, that the Ohio Supreme Court will not consider a claim of error that was not first presented to the intermediate court of appeals. *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir. 1982); *State v. Phillips,* 27 Ohio St.2d 294, 302, 272 N.E. 2d 347 (1981); *State v. Jester,* 32 Ohio St.3d 147, 154, 512 N.E.2d 962 (1987). Although the Ohio Supreme Court's denial of review in this case is cursory, this Court must assume it enforced this well-established rule. *Simpson v. Sparkman*, 94 F. 3d 199, 203 (6th Cir. 1996). This rule is adequate and independent: it appropriately enforces judicial economy with respect to appellate review and there is no evidence that it is discriminatorily enforced against federal claims. Finally, Simons has shown no excusing cause and prejudice.

Accordingly, Grounds One, Three, Four, Five, and Six should be dismissed with prejudice for failure to present them to the Second District Court of Appeals.

Respondent also asserts the claim of ineffective assistance of appellate counsel in Ground Five is procedurally defaulted by Simons' failure to timely present it (Answer, Doc. No. 10, PageID 1276). Claims of ineffective assistance of appellate counsel are presented to the Ohio courts exclusively by way of applications to reopen under Ohio R. App. P. 26(B). Simons filed such an application, but it was denied by the Second District because it was untimely by almost a

5

year. State v. Simons, Case No. 2010 CA 7 (2nd Dist., Oct. 3, 2012)(unreported, copy at Return of Writ, Doc. No. 9-2, PageID 436-39). In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009). Accordingly Simons' ineffective assistance of appellate counsel claim in Ground Five should be dismissed with prejudice.

Respondent asserts Ground Eight is procedurally defaulted because it was not fairly presented to the state courts as a denial of confrontation or compulsory process, but solely as an ineffective assistance of trial counsel claim (Answer, Doc. No. 10, PageID 1278). The record as quoted by Respondent shows that both the trial court and the court of appeals decided this claim as it was pled, to wit, as an ineffective assistance of trial counsel claim. *Id.*

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009). A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.

2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971). Simons' Ground Eight should therefore be dismissed with prejudice for lack of fair presentation to the state courts.

Respondent also asserts Grounds Eight, Nine, and Ten are procedurally defaulted because Simons did not appeal from the court of appeals decision on his petition for post-conviction relief, where these claims were raised as grounds two, three, and four, to the Ohio Supreme Court. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). Because Simon did not complete a round of review of these claims in the Ohio courts, they are procedurally defaulted and should be dismissed with prejudice on that basis.

**Ground Seven: Denial of a Mistrial**

In his Seventh Ground for Relief, Simons asserts the trial court erred when it denied his motion for mistrial after a witness adverted to his prior criminal history.

Respondent concedes this claim is not procedurally defaulted, but asserts it is not cognizable in habeas corpus because the question whether or not to grant a mistrial is a matter of trial court discretion (Return of Writ, Doc. No. 10, PageID 1283-85). While Respondent is correct that an abuse of discretion by a trial court is not cognizable in habeas corpus, Simons has not pled this claim as an abuse of discretion, but rather as trial court error. Although he does not mention in the Petition a particular ground of unconstitutionality, denial of a mistrial under appropriate circumstances would deprive a criminal defendant of his right to a fair trial and due process of law. It is therefore appropriate to review Ground Seven on the merits.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Simons presented this claim to the Second District Court of Appeals as his Third Assignment of Error on direct appeal. That court decided the claim as follows:

> [**P35**] Simons' third and final assignment of error is as follows:
>
> [**P36**] "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR MISTRIAL."
>
> [**P37**] In his final assignment, Simons contends that the trial court abused its discretion when it overruled his motion for mistrial made by defense counsel after the following testimony was elicited from Terry Current during direct examination by the State:
>
>> [**P38**] "The State: Are you familiar with the Defendant Carl Ray Simons?
>>
>> [**P39**] "Current: Yes.
>>
>> [**P40**] "Q: How long have you known Mr. Simons?
>>
>> [**P41**] "A: Approximately probably four or five years.
>>
>> [**P42**] "Q: Is that because you lived near him or just came in contact with him through mutual friends or something else?
>>
>> [**P43**] "A: *I was incarcerated with him at London Correctional Institution*.
>>
>> [**P44**] "Q: And —
>>
>> [**P45**] "The Court: Excuse me. Counsel approach the bench, please.
>>
>> [**P46**] (Bench Conference Held)

8

[**P47] "The Court: I don't recall any conversation about that incarceration.

[**P48] "The State: I was not expecting him to testify to that particular fact.

[**P49] "The Court: So my question is correct. I didn't recall that we had —

[**P50] [*793] "The State: Yes. That is correct.

[**P51] "The Court: Was the incarceration for the Clark County conviction that makes him disabled to have a firearm or a different offense?

[**P52] "The State: I believe based on this statement just now from the witness that it was [a] prior offense.

[**P53] "The Court: Do you have any information?

[**P54] "Defense Counsel: I don't have different information, but I believe it's in regard to a prior offense that occurred ten years or more ago.

[**P55] "The Court: I believe that the instruction that was going to be given about the conversation between Padolik will be given to the jury now. [2] It will be modified slightly saying: 'Evidence has been presented about the location of the individuals when they were acquainted with each other. Such testimony about location does not directly relate to any issue in the present case. Such testimony about location does not have any bearing on the character of the Defendant and shall not be — and you shall not consider the location of the statement as any indication of guilt of the Defendant.'

**FOOTNOTES**

[2] Padolik was a witness called by the State who testified regarding certain admissions allegedly made by Simons while both men were being held in jail in Champaign County, Ohio.

[**P56]  "Defense Counsel: Your Honor, I would respectfully
have to ask that I would have to move for mistrial based upon the witness' response.

[**P57]  "I think it prejudices my client because it elicited a response that he was previously in prison. The jury could infer that he has prior felony convictions that he was sentenced to prison for, and I think there's a direct difference between being in prison and being in local jail; and I think the jury probably has that general knowledge and that would prejudice my client.

[**P58]  "The Court: Does that State agree to mistrial?

[**P59]  "The State: No. State would oppose mistrial. The Court has already indicated that it would accept the testimony regarding statements made in a local jail, and the jury has already been made aware of a prior felony conviction by way of State's Exhibit 22, which indicated the prior felony conviction for complicity to robbery.

[**P60]  "Given that the jury either already knows or will know of those two facts, the State does not believe that that knowledge is sufficient basis for mistrial.

[**P61]  "The Court: Motion for mistrial is not granted. In the absence of granting that, do you have any objection to the statement?

[**P62] [*794]  "Defense Counsel: No, Your Honor.

[**P63]  "***

[**P64]  (In Open Court)

[**P65]  "The Court: Ladies and gentlemen of the jury, you've just heard testimony about the location of the individuals when they were acquainted with each other. Such testimony about location does not directly relate to any issue in the present case. Such testimony about location does not have any bearing on the character of the Defendant and you shall not consider the location of the statement as any indication of the guilt of the Defendant in the present case.

[**P66] "With that admonition, we'll continue with the testimony. ***"

[**P67] Initially, we note that the incarceration to which Current referred in his direct testimony apparently did not stem from the conviction which gave rise to Simons' disability. Simons argues that although a reference had been made to a prior conviction through the introduction of State's Exhibit 22, he was unfairly prejudiced by Current's disclosure regarding their meeting while incarcerated at London Correctional Institution. ³ Accordingly, Simons asserts that the trial court abused its discretion when it overruled his motion for mistrial.

**FOOTNOTES**

³ State's Exhibit 22 was a judgment entry of conviction and sentence of two years for one count of complicity to robbery, in violation of R.C. 2923.03(A)(2), a felony of the second degree, in Case No. 06-CR-721 to which Simons plead no contest in 2006. This conviction served as the basis for Simons' disability to possess firearms.

[**P68] The grant or denial of a mistrial lies within the sound discretion of the trial court. *State v. Trimble*, 122 Ohio St.3d 297, 2009 Ohio 2961, 911 N.E.2d 242. "However, a trial court need not declare a mistrial unless 'the ends of justice so require and a fair trial is no longer possible.'" Id., citing *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1.

[**P69] Upon review, we find that the trial court did not abuse its discretion when it overruled Simons' motion for mistrial. In the instant case, Current's disclosure of Simons' prior incarceration was a brief, isolated remark and was promptly followed by a curative instruction. For purposes of mistrial analysis, there is a presumption of the efficacy of curative instructions with regard to improper comments made by a witness or prosecutor. *State v. Nichols* (1993), 85 Ohio App.3d 65, 69, 619 N.E.2d 80. We also note that although Current testified that he first met Simons while incarcerated, no further testimony was adduced regarding the nature of the conviction or the term of imprisonment. Furthermore, the record reveals that the State was surprised by Current's

11

>response and did not intentionally attempt to elicit a prejudicial response. In fact, the jury was already aware that Simons had been previously convicted and incarcerated based on the introduction of State's Exhibit 22. We note that no objection was made to the introduction of State's Exhibit 22. In light of the trial court's decisive action in calling a bench conference out of the hearing of the jury to discuss Current's disclosure immediately after it occurred, as well as the court's curative instruction to the jury, we find that Simons did not suffer any prejudice as a result of the court's decision to overrule his motion for a mistrial.
>
>**[\*\*P70]** Simons' final assignment of error is overruled.

*State v. Simons*, 193 Ohio App. 3d 784 (2nd Dist. 2011).

Evidence of prior convictions is excluded in a criminal trial because a jury may infer that a defendant, having committed a prior offense, is likewise guilty of the offense for which he is presently being tried. However, there is no per se rule that admission of such evidence violates the Constitution or renders the trial unfair. *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). Rather, the testimony must be viewed in context. Here, any prejudice was minimal. The trial judge intervened *sua sponte* as soon as the offending comment was made. Neither the prosecutor nor the judge expected the testimony, so there is no evidence of prosecutorial misconduct in eliciting it. The jury was given a prompt curative instruction which they are presumed to have followed. Finally, the jury already knew that Simons had been previously convicted of a felony. Therefore the court of appeals decision is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent and is entitled to deference under the AEDPA. Simons' Ground Seven should be dismissed with prejudice on the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein

be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 26, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).