# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CARL R. SIMONS,

               Petitioner,          :    Case No. 3:14-cv-275

    - vs -                         District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,

                             :

               Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 15) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 13). Judge Rose has recommitted the case for consideration of the Objections (Doc. No. 16).

Simons pled ten grounds for relief, but never filed a reply to the Warden's Return. The Report recommended dismissing all claims are non-cognizable in habeas corpus or procedurally defaulted, except for Ground for Relief Seven, which was found to be without merit.

In his Objections, Simons first asks "that Grounds One, Two, Three, Six, Seven, Eight, and Nine be deleted or dismissed without prejudice, or stayed, if applicable." (Doc. No. 15, PageID 1351.) A dismissal without prejudice would not save these claims from the second or successive bar of 28 U.S.C. § 2244 or the statute of limitations if Simons sought to refile them, so dismissal without prejudice would be a futile act. A habeas court may stay a habeas action to permit exhaustion of claims in the state courts, but Simons gives no indication of any possible

1

state court remedy available to him.   The request to dismiss without prejudice or stay consideration of these seven Grounds for Relief is DENIED.

Simons argues the merits of the Report as to Grounds Four and Five.


**Ground Four:  Sentencing on Allied Offenses of Similar Import**


In Ground Four Simons asserts Counts 1 and 2, 3 and 4, and 6, 7, and 8 should have been merged as allied offenses of similar import under Ohio Revised Code § 2941.25 and the trial court should have held a hearing on that question under *State v. Johnson*, 128 Ohio St. 3d 153 (2010).   The Warden asserted this claim was procedurally defaulted because it was never presented to the Ohio Court of  Appeals on direct appeal (Answer, Doc. No. 10, PageID 1272). Applying the Sixth Circuit's test for procedural default from M*aupin v. Smith*, 785 F.2d 135, 138 (6th  Cir. 1986), the Report found procedural default and recommended dismissal (Doc. No. 13, PageID 1337).

Simons raises a number of objections.


**First Objection:  Claim was Raised on Direct Appeal**


First, Simons asserts this claim was presented to the Second District Court of Appeals in his Supplement to Petition [for Post-Conviction Relief] Based on New Interpretation of Statute (PageID 71-72), Appeal Brief (PageID 73, 80-81), Delayed Application to Reopen Direct Appeal (PageID 94-95, 100), Motion for Reconsideration (PageID 124-25); and Memorandum in Support of Jurisdiction (PageID 132, 135, 137)(Objections, Doc. No. 15, PageID 1352).  All of

2

these citations are to attachments to the Petition (Doc. No. 1-1) and not to portions of the State Court Record as filed with this Court which is at Doc. No. 9.  The documents attached to the Petition are for the most part not authenticated.  For example, the Supplement to Petition bears no time-stamp to show it was actually filed.

The State Court Record shows that Simons filed a *pro se* Motion to Supplement the Appellant's Brief that was filed by his counsel (Doc. No. 9-1, PageID 239-40).  No proposed supplemental brief is attached.  The Second District, however, denied the Motion on the ground that an appellant represented by counsel is not entitled to file a separate *pro se*  brief  (Decision and Entry, Doc. No, 9-1, PageID 236).

The Supplement to Petition Based on New Interpretation of Statute was not a document presented to the Second District Court of Appeals, but rather a supplement to Simons' Petition for Post-Conviction Relief in the Champaign County Common Pleas Court.  The original Petition was filed December 21, 2010 (Doc. No. 9-2, PageID 461).  Simons' Supplement was filed October 23, 2012. *Id.*  at PageID 534.  Judge Wilson found the allied offenses claim was barred by *res judicata* because it could have been raised on direct appeal (Final Appealable Order, Doc. No. 9-1, PageID 536, 542).  Simons claimed error in that ruling in his appeal (Appellant's Brief, Assignment of Error No. 3, Doc. No. 9-2, PageID 557).[1]  In *State v. Simons*, C.A. Case No. 2013 CA 5, 2013-Ohio-3654, 2013 Ohio App. LEXIS 3783 (2nd Dist. Aug. 23, 2013)(copy at Doc. No. 9-2, PageID 586 ff.),  the Court of Appeals held:

> [*P37]  Simons' third and final assignment of error is as follows:
>
> [*P38]  "IT WAS CLEAR ABUSE OF DISCRETION FOR THE TRIAL COURT TO CONCLUDE THAT THE DOCTRINE OF RES JUDICATA BARRED THE COURT FROM ADJUDICATING THE ALLIED OFFENSE CLAIMS."

---

[1] This is the document Simons refers to in his Objections as "Appeal Brief" with a citation to a copy attached to his Petition.

**[\*P39]**  In his final assignment of error, Simons contends that it was an abuse of discretion for the trial court to find that his allied offense claims were barred by the doctrine of res judicata. Specifically, Simons argues that in light of the Ohio Supreme Court's recent decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010 Ohio 6314, 942 N.E.2d 1061, addressing whether multiple offenses are allied offenses of similar import pursuant to R.C. 2941.25.

**[\*P40]**  "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008 Ohio 1197, 884 N.E.2d 568, ¶ 12. Moreover, "defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007 Ohio 4642, 873 N.E.2d 306, ¶ 30.

**[\*P41]**  The arguments raised in Simons' petition establish, at most, that his sentence is voidable. *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012 Ohio 730. As the defendant failed to do in *Parson*, Simons does not argue that his sentence is not in conformity with statutorily mandated terms, or is not provided for by law, nor even that his sentence fails to comply with the formal requirements of R.C. 2941.25. Even if we accept that the trial court erred at the time of sentencing when it failed to find that one or more of Simons' offenses were allied offenses of similar import, Simons' sentence is merely voidable and not void. *Id*.

**[\*P42]**  Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal. *Parson, supra*, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008 Ohio 1197, 884 N.E.2d 568, ¶ 30. Res judicata precludes a defendant from raising an issue "in a motion for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 1997 Ohio 304, 679 N.E.2d 1131 (1997). Because Simons' sentence, assuming his allied offense argument had merit, would be voidable, he is barred by the doctrine of res judicata from challenging his sentence on those grounds collaterally through his petition for post-conviction relief. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008 Ohio 4479, 894 N.E.2d 44, ¶ 10-11 ("allied-offense claims are non-jurisdictional," and, thus, barred by the doctrine of res judicata where they were raised, or could have been raised, on direct appeal).

4

**[\*P43]**  Simons' third assignment of error is overruled.

Simons' Delayed Application to Reopen Direct Appeal was filed July 18, 2012 (Return of Writ, Doc. No. 9-2, PageID 403 et seq.)  In it he makes the following claim:

> **V. New interpretation of statute which applies to the appellant's case:**
>
> December 29, 2010 the Ohio Supreme Court made a new interpretation of the allied offense statute: R.C. 2941.25. *State v. Johnson*, 128 Ohio St.3d 153. The appellant's appeal was "pending on the announcement date [of *Johnson*]," and his sentences on Counts 2, 3 and 4, and 6, 7 and 8, which were for the same animus and same conduct, should be merged as offenses of similar import. *State v. Lynn* (1966), 5 Ohio St.2d 106,108; *State v. Evans*, 1972 LEXIS 382; *Bousley v. U.S.,* 614, 620-621, 118 S.Ct. 1604 (1998). In light of the decision in *Johnson*, the appellant's sentences are not in conformity with statutorily mandated terms and fails to comply with the formal requirements of R.C. 2941.25.  They are void sentences and are reversible by this Court. *Ohio v. Marriott,* 2010-Ohio App.LEXIS 2607; *State v. Bridgeman,* 2011 Ohio App. LEXIS 2291 at 1]46-55; *State v. Jones,* 2011-Ohio-1984 at 114.

*Id.*  at PageID 409.  On October 3, 2012, the Second District Court of Appeals denied the Application for Reopening because (1) Simons failed to attach any portion of the record, and (2) "Simons application was approximately one-year past due" without good cause shown for the delay.  *State v. Simons*, Case No. 2010 CA 7 (2nd Dist. Oct. 3, 2012)(unreported, copy at Doc. No. 9-2, PageID 436, et seq.)

Examining all the cited references, the Magistrate Judge finds the allied offenses claim was never before the Second District Court of Appeals on the merits.  Indeed, the Second District's decision on appeal of the denial of post-conviction relief shows that this claim should have been presented on direct appeal (because it relates to a voidable sentence) but was not and was therefore barred by Ohio's criminal *res judicata* doctrine.  Ohio's doctrine of *res judicata* in

criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).


**Second Objection:  Failure to Hold a Hearing on Conflict of Interest Excuses Procedural Default**

Simons objects that the trial "court's failure to hold a *mandated* hearing on petitioner's conflict of interest claims (PageID 127-131) should excuse any perceived procedural default in this matter."  (Objections, Doc. No. 15, PageID 1352, citing *Riggs v. United States*, 209 F.3d 828 (6th Cir. 2000), and *Cuyler v. Sullivan*, 466 U.S. 335 (1980)).

Simons raised this claim in the Court of Appeals in his Motion for Appointment of New Appellate Counsel Due to Conflict of Interest (Doc. No. 9-1, PageID 243 et seq.)  While he included the claim of conflict of interest in the caption, the Motion does not set forth any prima facie conflict of interest.  Instead it complains that appellate counsel has not raised all the assignments of error Simons wanted raised.

*Riggs* does not mandate a hearing under these circumstances.  Indeed, *Riggs* held no hearing was necessary on a 28 U.S.C. § 2255 motion where a true conflict of interest possibility was pled.

**Third Objection:  The State Waived Any Procedural Default by Addressing the Allied Offenses Claim on the Merits**

In support of his claim that the State waived any procedural default by arguing the allied offenses issue on the merits, Simons points to the State's Memorandum in Response in the Ohio Supreme Court (Doc. No. 9-2, PageID 383, et seq.).  The allied offenses issue was Simons' fourth proposition of law on his requested appeal to the Ohio Supreme Court.  The State specifically argued that review was precluded by Simons' failure to raise the issue at sentencing, "thereby precluding review except for plain error" and then argued there was no plain error.  *Id.* at PageID 393-95.

Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law.  *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000).  A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir.  2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

It must also be noted that the context of this argument made by the State is a memorandum attempting to persuade the Ohio Supreme Court not to take the case on the merits, rather than in a brief on the merits after that court accepted jurisdiction, which it did not do in this case.

**Fourth Objection: The Allied Offenses Claim is Cognizable in Habeas Corpus**

Simons objects that his allied offenses claim is cognizable in federal habeas because of its relationship to the Double Jeopardy Clause. This objection is misplaced because the Report does not conclude this claim is not cognizable.

**Fifth Objection: *Res Judicata* is Not Applicable**

Simons objects that his procedural default of his allied offenses claim is excused by the ineffective assistance of his appellate counsel in failing to raise it (Objections, Doc. No. 15, PageID 1363).

While ineffective assistance of appellate counsel can excuse a procedural default in raising a claim on direct appeal, the claim of ineffective assistance of appellate counsel must first be presented to the state courts and not itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Here Simons procedurally defaulted his ineffective assistance of appellate counsel claim by not properly filing his Application for Delayed Reopening under Ohio R. App. P. 26(B) and the Second District held that failure against him. The timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

**Ground Five:  Ineffective Assistance of Counsel at Trial and on Appeal**

Simons Fifth Ground for Relief raises vague claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel.  Specifically, it states:

> **Ground Five:** Appellant was denied his rights of due process and of assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution because his trial and appellant [sic] counsel provided ineffective assistance.

(Petition, Doc. No. 1.)  The Report recommended dismissing Ground Five for failure to present it to the Second District Court of Appeals (Doc. No. 13, PageID 1337).

Simons objects that he did in fact present a great deal of documentation, including documentation outside the record "demonstrating his ineffective assistance of counsel claim." (Objections, Doc. No. 15, PageID 1354.)

With respect to any claims of ineffective assistance of appellate counsel, as noted above with respect to Ground Four, Ohio requires such claims to be presented in an application for reopening and Simons' Application was nearly a year late and rejected on that basis.  Thus any claims of ineffective assistance of appellate counsel are procedurally defaulted.

Regarding any ineffective assistance of trial counsel claims based on matter outside the record, the Second District held that Simons had defaulted on presenting those claims for review because he did not, as Ohio appellate rules require, provide that court with a transcript, statement of evidence, or agreed statement of the case when appealing denial of his petition for post-conviction relief.  *State v. Simons*, 2013-Ohio-3654, 2013 Ohio App. LEXIS 3783 (2nd Dist. Aug. 23, 2103).  The Second District was enforcing a well-established Ohio procedural rule

which is independent of federal law and adequate in that it protects the role of Ohio appellate courts in deciding cases on the record.

Regarding possible record-based claims of ineffective assistance of trial counsel, none were presented on direct appeal. *See State v. Simons*, Case No. 2010 CA 7 (2nd Dist. Apr. 29, 2011)(unreported, copy at Return of Writ, Doc. No. 9-1, PageID 287 et seq.)

Thus in one way or another, all of Simons' claims of ineffective assistance of counsel have been procedurally defaulted. His Fifth Ground for Relief should be dismissed on that basis.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 29, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).