# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CARL R. SIMONS,

        Petitioner,    :    Case No. 3:14-cv-275

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,

    :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on District Judge Rose's Recommittal Order (ECF No. 21) to consider Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," ECF No. 17).

The Objections are dealt with in the order in which they have been raised.

1.    **Failure to file a reply.**    In the Supplemental Report, the Magistrate Judge noted that Simons had never filed a reply to the Warden's Return of Writ (ECF No. 17, PageID 1357). Simons does not deny the truth of this observation, but points out that he has many excuses related to prison interference with his legal work and the Court's refusal to grant him additional time for filing (Objections, ECF No. 20, PageID 1374). He faults the Supplemental Report for not discussing these points.

In noting the lack of a reply, the Magistrate Judge did not find it necessary to sort out the reasons because the bottom line was that Simons had never filed a reply so the Court did not

1

know what responses he would make to the Warden's arguments.  The point is the Court had to decide various issues without hearing from Simons on them.  Simons' claim about extensions of time to file a reply is simply untrue.  In the Order for Answer, the Court set a reply deadline of twenty-one days after the Return was filed (ECF No. 4, PageID 157).  Even before the Return was filed, Simons sought and received an extension of time to December 1, 2014, to file a reply (Notation Order granting ECF No. 5).  On November 25, 2014, Simons requested and received an additional thirty days (Notation Order granting ECF No. 8).  On December 16, 2014, Simons requested and received an additional three months (Notation Order granting ECF No. 11).  On February 27, 2015, Simons requested an extension to May 15, 2015, which the Court granted in part and warned no further extensions would be granted (Notation Order in response to ECF No. 12, granting extension up to and including April 15, 2015).  Thus Simons had over four and one-half months to file a reply and never did so.  His last extension expired April 15, 2015, and the original Report was not filed until six weeks later.  Simons did not tender a reply during that time with an explanation as to why it was late.

**Authentication of Records.**  Simons objects to the statement that some of the documents he relied on to show he had presented his claims to the state courts "are 'not portions of the State Court Record' and 'are for the most part, not authenticated.'"  (Objections, ECF No. 17, PageID 1374.)  What the Supplemental Report actually says is

> Simons asserts this claim was presented to the Second District Court of Appeals in his Supplement to Petition [for Post-Conviction Relief] Based on New Interpretation of Statute (PageID 71-72), Appeal Brief (PageID 73, 80-81), Delayed Application to Reopen Direct Appeal (PageID 94-95, 100), Motion for Reconsideration (PageID 124-25); and Memorandum in Support of Jurisdiction (PageID 132, 135, 137)(Objections, Doc. No. 15, PageID 1352).  All of 3 these citations are to attachments to the

2

> Petition (Doc. No. 1-1) and not to portions of the State Court Record as filed with this Court which is at Doc. No. 9. The documents attached to the Petition are for the most part not authenticated. For example, the Supplement to Petition bears no time-stamp to show it was actually filed.

(Supplemental Report, ECF No. 17, PageID 1358-59.)  The Supplemental Report shows that, despite Simons' failure to cite the state court record as it was filed in this Court, the Magistrate Judge searched that record for the documents Simons was referring to.  *Id.*  at 1359-61.

The Order for Answer in this case requires the Attorney General to prepare the state court record for electronic filing so that each page is given a unique PageID number and requires that "All papers filed in the case thereafter, by either party, including the answer and the exhibit index, shall include record references to the PageID number." (ECF No. 4, PageID 157.)  The purpose of this rule is to make sure that all parties are referring to the same document and to comply with the Supreme Court's ruling in *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011), limiting what documents a habeas corpus court can consider.

Even though Simons did not comply with the PageID citation rule, the Magistrate Judge found and examined every reference he cited and concluded his allied offense claim had never been before the Second District Court of Appeals on the merits (Supplemental Report, ECF No. 17, PageID 1361).


**Presentation of Allied Offense Claim**   Simons objects to this conclusion and argues again that he did present his allied offenses claim on the merits to the Second District Court of Appeals.

First of all, he says he instructed his appellate attorney to raise the issue and the attorney did not do so (Objections, ECF No. 20, PageID 1375).  That is true, but does not change the

result. An instruction to the appellate attorney that was not followed does not place the issue before the appellate court. It may have been a good try, but it did not succeed.

As the Supplemental Report notes, Simons also tried to get the issue before the Second District by filing a Motion to Supplement the Brief (ECF No. 9-1, PageID 239-40). That also did not work because the Second District would not allow him, as a represented appellant, to file a brief. *Id.* at PageID 236.

Simons also tried to raise the issue in his Petition for Post-Conviction Relief. The trial judge rejected the claim on *res judicata* grounds because it could and should have been raised on direct appeal and the Second District held Judge Wilson was right. *State v. Simons*, Case No. 2013 CA 5, 2013-Ohio-3654, 2013 Ohio App. LEXIS 3783 (2nd Dist. Aug. 23, 2013).

Simons also tried to get the issue before the Second District by claiming, in an Application for Delayed Reopening under Ohio R. App. P. 26(B) that it was ineffective assistance of appellate counsel for his appellate attorney to fail to raise it. The Second District rejected the Application on procedural grounds, including that it was approximately one year overdue. *State v. Simons*, Case No. 2010 CA 7 (2nd Dist. Oct. 3, 2012)(unreported, copy at ECF No. 9-2, PageID 436, et seq.) Simons claims in his Objections that he placed the issue before the Supreme Court of Ohio. That is true; the allied offenses claim was Proposition of Law No. IV on appeal to that court. However, the Supreme Court declined to consider the merits, just as the Second District had. In any event, submitting an issue to the Ohio Supreme Court which has been omitted on direct appeal, as this issue was, does not cure the procedural default of omitting it in the first place.

**Ineffective Assistance of Appellate Counsel** Simons objects that the ineffective assistance of

his appellate attorney in not raising the allied offense issue excuses his procedural default (Objections, ECF No. 20, PageID 1376). While it is true that ineffective assistance of appellate counsel can excuse a procedural default on direct appeal, the ineffective assistance of appellate counsel claim itself must first be submitted to the state courts in the proper manner. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Simons chose the right vehicle – an Application under Ohio R. App. P. 26(B) – but he was a year late in pursuing it. Failure to file a timely application for delayed reopening is recognized by the Sixth Circuit as an adequate and independent procedural basis for decision and that was the basis on which the Second District decided. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

**Allegedly "Bogus" Court of Appeals' Decision**   Simons next objects that the Supplemental Report cites a Second District decision that "the magistrate knew . . . was bogus . . ." (ECF No. 20, PageID 1377). The decision in question is not "bogus." It is a publicly-reported decision of the Second District Court of Appeals, to wit, *State v. Simons*, C.A. Case No. 2013 CA 5, 2013-Ohio-3654, 2013 Ohio App. LEXIS 3783 (2nd Dist. Aug. 23, 2013).

Simons raises no real question about the genuineness of the opinion. Instead, he appears to challenge the Second District's conclusion that multiple sentences that violate Ohio Revised Code § 2941.25 are voidable instead of void. The excerpted opinion makes it clear that that is a question of Ohio law, not federal constitutional law. A federal habeas court cannot review state court decisions on questions of state law, but only their decisions of federal constitutional

questions. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).

**Alleged Error in Concluding Allied Offenses Claim is Barred by *Res Judicata*** This objection is not well taken for the same reason as the prior one: Ohio *res judicata* law is a matter for the state courts. When they reach a decision on a *res judicata* grounds, it is an adequate and independent state ground of decision which bars federal court consideration of the merits of the underlying claim. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), *citing Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

**Claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel**

This Objection does not require analysis beyond that made in the Supplemental Report.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable

jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 19, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).